## <u>EXHIBIT 1</u>

**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into as of this 8th day of April, 2021 by and among Salvatore LaMonica, solely in his capacity as chapter 7 trustee ("Trustee") of the estates of RockYou, Inc. ("RockYou") and MMJK, Inc. ("MMJK" and together with RockYou, collectively, the "Debtors"), Centre Lane Partners Master Credit Fund II, L.P. ("CLP MCF") and CL Media Holdings LLC (dba Wild Sky Media) ("Wild Sky Media").  This Settlement Agreement shall be effective and binding as of the date on which an Order of the Bankruptcy Court approving this Settlement Agreement, in form and substance satisfactory to CLP MCF and Wild Sky Media, becomes final ("Effective Date").

WHEREAS, RockYou and its affiliates from time to time party to the Credit Agreement (including MMJK) (together with RockYou, collectively, the "Loan Parties"), as borrowers or guarantors, are party to a Credit Agreement with CLP MCF, as Agent (the "Agent"), and the Lenders from time to time party thereto (collectively, the "Lenders" and together with the Agent, collectively, the "Credit Parties"), dated as of December 21, 2017 (as amended, the "Credit Agreement");

WHEREAS, the Loan Parties defaulted on their payment and other obligations under the Credit Agreement;

WHEREAS, effective on or about October 19, 2019, CLP MCF became the majority owner of RockYou;

WHEREAS, the Loan Parties entered into a Foreclosure Agreement with the Agent and its affiliate Wild Sky Media, as buyer, dated as of January 31, 2019, pursuant to which Wild Sky Media foreclosed on and took assignment of substantially all of the assets of the Loan Parties with their written consent, pursuant to N.Y. U.C.C. § 9-620 (the "Foreclosure");

WHEREAS, RockYou and MMJK commenced chapter 7 cases on February 13, 2019, and the Trustee became the permanent trustee of their estates;

WHEREAS, the Trustee has prepared and previously provided CLP MCF and Wild Sky Media with a complaint asserting certain claims and causes of action against CLP MCF and Wild Sky Media relating to the Foreclosure (collectively, the "Specified Claims");

WHEREAS, without admitting any liability, CLP MCF and Wild Sky Media have agreed to compromise said claims and causes of action on terms expressly set forth herein.

NOW, THEREFORE, the parties hereby stipulate and agree as follows, subject to the occurrence of the Effective Date:

1.    Waiver/Withdrawal of Claims.  Subject to the Effective Date, CLP MCF and Wild Sky Media waive, release and shall not assert any claim, right, security interest, right of payment or any interest in any accounts, cash or funds of RockYou, MMJK or either of their respective estates or subsidiaries, whether such claims are filed or unfiled, asserted or unasserted, that CLP MCF or Wild Sky Media have or may have against RockYou, MMJK or either of their respective estates or subsidiaries.  For the avoidance of doubt, claims and interests being waived and released hereby include, without limitation any UCC-1 Financing Statement filed by CLP MCF or Wild Sky Media in any jurisdiction that names RockYou, MMJK or any of their subsidiaries as the debtor thereon,

Claim #110 filed against RockYou and Claim #27 filed against MMJK by CLP MCF and Claim #199 filed against RockYou, and Claim #61 filed against MMJK by Wild Sky Media, all of which shall be deemed withdrawn upon the Effective Date.

2. <u>Settlement Payment</u>.  Within seven (7) days following the Effective Date, CLP MCF shall pay $125,000 to the Trustee of the estate of RockYou, by wire transfer in accordance with the below instructions:

Bank: Axos Bank
Routing Number: 122287251
Account Name: Rockyou Inc.
Account Number: 7425047000650

3. <u>Mutual Release</u>

(a) *CLP Release*.  Subject to the occurrence of the Effective Date and CLP MCF having paid the Settlement Payment, the Trustee, on behalf of himself, the estates of RockYou and MMJK, and any person or entity under the control of any one or more of the foregoing, (collectively, the "<u>RockYou Releasing Parties</u>"), hereby fully and finally releases and discharges CLP MCF (as Agent, Lender and in any other capacity), Agent, each of the Credit Parties, Wild Sky Media, and each of their respective present and former affiliates, and each of the foregoing's respective present and former officers, directors, employees, members, managers, shareholders, investors, employees, agents, representatives, successors, assigns, and predecessors (collectively, the "<u>CLP Released Parties</u>") from any and all liabilities, including all obligations, adjustments, executions, offsets, actions, causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, claims, demands, duties, doings, omissions, costs, expenses and/or losses whatsoever, whether known or unknown, reported or unreported and whether arising in the past, present or future, which any of the RockYou Releasing Parties or any of their respective predecessors or successors ever had, now have or hereafter may have, whether grounded in law or in equity, in contract or in tort, whether known or unknown, against any one or more of the CLP Released Parties by reason of any matter whatsoever relating in any way to RockYou, MMJK, any of the RockYou Releasing Parties, CLP MCF, Wild Sky Media or any of the other CLP Released Parties; <u>provided</u>, <u>however</u>, notwithstanding the foregoing, none of the Trustee, the estates of RockYou or MMJK, or any of the RockYou Releasing Parties is hereby releasing any claims or causes of action that any of them have or may have against the persons identified on <u>Schedule 1</u>, and all such claims shall not be deemed to have been released hereby and are expressly preserved.

(b) *RockYou Release*.  Subject to the occurrence of the Effective Date, CLP MCF and Wild Sky Media (collectively, the "<u>CLP Releasing Parties</u>") hereby fully and finally release and discharge the Trustee, RockYou, MMJK and all of their present and former subsidiaries, and all of their officers, directors, employees, members, managers, shareholders, investors, employees, agents, representatives, successors, assigns and predecessors (together, the "<u>RockYou Released Parties</u>") from any and all liabilities, including all obligations, adjustments, executions, offsets, actions, causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, claims, demands, duties, doings, omissions, costs, expenses and/or losses whatsoever, whether known or unknown, reported or unreported and whether arising in the past, present or future, which CLP MCF, Wild Sky Media or any of their predecessors or successors ever had, now have or hereafter may have,

whether grounded in law or in equity, in contract or in tort, whether known or unknown, against any one or more of the RockYou Released Parties by reason of any matter whatsoever relating any way to RockYou, MMJK, or any of their respective present and former subsidiaries.

4. <u>Tolling</u>. Except to the extent already expired as of the date hereof, CLP MCF and Wild Sky Media agree that all statutes of limitation applicable to Specified Claims, including the statute of limitations set forth in Bankruptcy Code section 546(a), are hereby extended until sixty (60) days following the date hereof; provided, however, the Trustee shall move for approval of this Settlement Agreement within fourteen (14) days following the date hereof.  This Section 4 shall be deemed null and void upon the Effective Date.

5. <u>Miscellaneous</u>

(a) *No Admission of Wrongdoing*.  This Settlement Agreement involves the settlement of claims and causes of action that are denied and contested, and nothing herein shall be construed as or deemed to be evidence of, an admission of or concession of any liability or wrongdoing by any party, and shall not be offered or received in evidence in any action (except one to enforce the terms hereof), or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature by any party or with respect to any defense or denial of liability by any party.

(b) *Arms' Length and Voluntary Settlement*.  The parties have carefully read, and know and understand, the full contents of this Settlement Agreement, and agree that the terms hereof were negotiated at arms' length in good faith by the parties and reflect a settlement reached voluntarily after consultation with counsel.

(c) *No Right of Rescission*.  In entering into this Settlement Agreement, each party assumes the risk of any mistake of fact or law.  If the parties, or any of them, should later discover that any fact they relied upon in entering into this Settlement Agreement is not true, or that their understanding of the facts or law was incorrect, the parties shall not be entitled to seek rescission of this Settlement Agreement or revival of any released claims under Section 3 hereof by reason of such discovery.  This Settlement Agreement is intended to be, and is, final and binding upon the parties regardless of any mistake of fact or law.

(d) *Jointly Drafted*.  The parties to this Settlement Agreement and their respective counsel mutually contributed to the preparation of this Settlement Agreement and have had the opportunity to review and revise same.  No provision of this Settlement Agreement shall be construed against any party because that party or its counsel drafted the provision.  All terms of this Settlement Agreement shall be construed equally as to all parties.

(e) *Each Party to Bear Its Own Costs*.  Each of the parties will bear and is responsible for its own costs, expenses and attorneys' fees incurred in connection with (a) the matters described in this Settlement Agreement, (b) the negotiations, preparation, execution and implementation of this Settlement Agreement, and (c) all other matters relating to the foregoing items.

(f) *Amendments; Waivers*.  This Settlement Agreement may be amended, supplemented or otherwise modified only by a written agreement signed by each of the parties. No failure or delay on the part of any party in the exercise of any right hereunder will impair such right or be construed to be a waiver of, or acquiescence in, any breach of any representation,

warranty, covenant or agreement herein, nor will any single or partial exercise of any such right preclude any other or further exercise thereof or of any other right. No waiver of any provision of this Settlement Agreement shall be deemed or shall constitute a waiver of any other provision hereof (whether or not similar), or shall constitute a continuing waiver unless otherwise expressly provided. No waiver of any right or remedy hereunder shall be valid unless the same shall be in writing and signed by the party against whom such waiver is intended to be effective.

(g)    *Headings*.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

(h)    *Choice of Law; Jurisdiction*.  The terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of New York without regard to its choice of law or conflicts of laws principles.  To the extent the Bankruptcy Court agrees to exercise subject matter jurisdiction, any action regarding the enforcement or breach hereof shall be commenced in the Bankruptcy Court, which shall retain jurisdiction to resolve any dispute arising out of or relating to this Settlement Agreement.

(i)    *Execution in Counterparts*. This Settlement Agreement may be executed in counterparts. Facsimile and/or electronic signatures in portable document format (.PDF) shall constitute acceptable, binding signatures for purposes of this Settlement Agreement.

(j)    *Authorization/Binding Effect*.  Each of the undersigned signatories represents to the parties (other than the party(ies) identified as represented by that signatory) that he or she, as the case may be, is authorized to execute and deliver this Settlement Agreement on behalf of any party he or she purports to represent

(k)    *Entire Agreement*.  This Settlement Agreement contains the entire agreement and understanding between the parties concerning the subject matter hereof and supersedes any prior or contemporaneous discussion or agreements thereon.

(l)    *Jury Trial Waiver*.  THE PARTIES WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS UNDER THIS SETTLEMENT AGREEMENT AND AGREE THAT ANY SUCH ACTION OR PROCEEDING SHALL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement as of the date set forth above.

SALVATORE LAMONICA, as Chapter 7 Trustee of the estates of RockYou, Inc. and MMK, Inc.

_Trustee_

CENTRE LANE PARTNERS MASTER CREDIT FUND II, L.P.,

Name: Quinn Morgan
Title: Authorized Signatory

CL MEDIA HOLDINGS LLC
(dba Wild Sky Media)

Name:
Title:

4844-0084-6815.6

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement as of the date set forth above.

SALVATORE LAMONICA, as Chapter 7
Trustee of the estates of RockYou, Inc.
and MMJK, Inc.

CENTRE LANE PARTNERS MASTER
CREDIT FUND II, L.P.,

_____

_____
Name:
Title:

CL MEDIA HOLDINGS LLC
(dba Wild Sky Media)

_____
Name: EDWARD A. CABANAS
Title: AUTHORIZED REPRESENTATIVE

## SCHEDULE 1

**Persons Carved Out of Release**

495 Communications LLC

American Express

Bradley Scher

Contentful, Inc.

CR3 Partners LLC

DeWinter Group, LLC

Google Inc.

Integral Marketing

Kaiser Permanente

Lotame Solutions Inc.

McGuireWoods LLP

Michael Caruso

NextStar Inc.

Ocean Ridge Capital Advisors, LLC

Pixalate Inc.

State Media Group LLC

Turf Digital LLC

Whalerock Industries

Whalerock Digital Media, LLC

Woodruff-Sawyer & Co.